■ In the Matter of BRUNO PICCININI, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [889 NYS2d 730]—

Mercure, J.

In October 2005, petitioner was injured when he tripped on an uneven section of sidewalk while performing a routine patrol in his capacity as a security service assistant for the State University of New York Police Department. After his application for accidental disability retirement benefits was disapproved, he requested a redetermination and a hearing was held. The Hearing Officer concluded that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 605 and denied petitioner's application. Respondent adopted the Hearing Officer's findings, prompting this CPLR article 78 proceeding.

Inasmuch as "injuries that arise out of an employee's own misstep or inattention will not merit an accidental disability determination" (*Matter of Magrino v DiNapoli*, 64 AD3d 868, 869

[2009]), we now confirm. Here, petitioner admitted that he patrolled the sector in which he fell on a regular basis. Moreover, although the incident occurred at approximately 1:00 A.M., petitioner acknowledged that there were lights in the area and that, having worked on the campus for almost seven years, he was "very familiar" with the sidewalks. Accordingly, we perceive no basis on which to disturb respondent's determination that petitioner's injury was not the result of "a sudden and extraordinary event that [was] unrelated to the ordinary risks of [his] employment" (*Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003]).

Cardona, P.J., Spain, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.