In the Matter of CAROLE A. ASSMANN, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller, Respondent. [943 NYS2d 683]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

In July 2008, petitioner, a clerk typist, was assigned to fill in for another employee, the latter of whom worked in a building adjacent to petitioner's regular work location. While delivering some paperwork during the course of her temporary assignment, petitioner slipped and fell down a set of stairs, sustaining various injuries. Petitioner's subsequent application for accidental disability retirement benefits was denied upon the ground that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Follow-

---

ing a hearing and redetermination, a Hearing Officer reached a similar conclusion. Respondent thereafter adopted the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding to challenge that determination.

We confirm. As the applicant, petitioner bore the burden of demonstrating her entitlement to accidental disability retirement benefits, and respondent's determination in this regard, if supported by substantial evidence in the record as a whole, will be upheld (*see Matter of Bleeker v New York State Comptroller*, 84 AD3d 1683, 1683 [2011], *lv denied* 17 NY3d 709 [2011]; *Matter of Sorrentino v DiNapoli*, 74 AD3d 1694, 1695 [2010]). Notably, "injuries that arise out of an employee's own misstep or inattention will not merit an accidental disability determination" (*Matter of Piccinini v DiNapoli*, 68 AD3d 1212, 1212 [2009] [internal quotation marks and citation omitted]; *accord Matter of Chilelli v DiNapoli*, 91 AD3d 1098, 1098 [2012]).

Although petitioner testified at the hearing that her fall was occasioned by the "highly varnished" nature of the stairs in question, the incident reports completed by petitioner and her employer shortly after petitioner's fall make no mention of this allegedly hazardous condition, and the record reflects that petitioner traversed the stairs without incident at least once before she fell. "Any discrepancy between petitioner's hearing testimony and the written documentation regarding the condition of the stairs or the cause of petitioner's fall presented a credibility issue for the Hearing Officer to resolve" (*Matter of Sorrentino v DiNapoli*, 74 AD3d at 1695 [citation omitted]; *see Matter of Hardy v DiNapoli*, 82 AD3d 1490, 1491 [2011]). As the record contains substantial evidence from which respondent could conclude that petitioner's fall was occasioned by her own misstep during the course of her ordinary employment duties, the underlying determination will not be disturbed (*see Matter of Hardy v DiNapoli*, 82 AD3d at 1491; *Matter of West v DiNapoli*, 79 AD3d 1565, 1566 [2010]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.