■ In the Matter of FRANK J. SCHARP, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents. [961 NYS2d 599]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer for almost 30 years, was injured in March 2008 while evacuating an injured person from his home when a wheeled stretcher collapsed, dropping two feet and wrenching petitioner's back. The employer thereafter submitted an application on behalf of petitioner for accidental disability retirement benefits. Following proceedings, the Hearing Officer determined that petitioner was entitled to such benefits. Upon review, respondent Comptroller disagreed and denied benefits, finding that the collapse of the stretcher should have been an expected or foreseeable event and, therefore, the incident was not an accident. Petitioner thereafter commenced this CPLR article 78 proceeding.

We annul. A petitioner seeking disability retirement benefits bears the burden of proving entitlement, that is, that the underlying incident constituted a " 'sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties' " (*Matter of Ashley v DiNapoli*, 97 AD3d 1057, 1058 [2012], quoting *Matter of Carroll v DiNapoli*, 95 AD3d 1498, 1499 [2012]; *see Matter of Murphy v New York State Comptroller*, 92 AD3d 1022, 1022 [2012]). Here, while the removal of an injured person using a wheeled stretcher was undoubtedly part of petitioner's job, the record does not support the Comptroller's finding that the collapse of the stretcher was a foreseeable occurrence. Both petitioner and a fellow police officer testified that they had assisted with using similar devices on hundreds of occasions in their 20-plus years of service and had never witnessed a collapse. Moreover, the ambulance medical technician who assisted at the scene testified that in more than 20 years on the job—during which he had used similar stretchers over 500 times a year—he had only seen the legs collapse on five or six occasions. Accordingly, we do not find the

Comptroller's determination to be supported by substantial evidence (*see Matter of O'Neill v DiNapoli*, 83 AD3d 1280, 1281 [2011]; *see also Matter of Sammon v DiNapoli*, 97 AD3d 952 [2012]; *compare Matter of Allesandro v DiNapoli*, 68 AD3d 1592, 1594-1595 [2009], *lv denied* 14 NY3d 705 [2010]).

Rose, J.P., Spain and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.