Garry, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for accidental disability retirement benefits.
In June 2009, petitioner, a police officer, was injured when he fell after stepping on a broken and uneven portion of sidewalk when exiting his patrol car in the precinct parking lot. He thereafter applied for performance of duty and accidental disability retirement benefits. His application for performance of duty disability retirement benefits was approved, but the application for accidental disability retirement benefits was initially denied. Following petitioner’s request for a hearing and a redetermination, the Hearing Officer found that petitioner had established that the incident constituted an accident within the meaning of the Retirement and Social Security Law. Upon review, respondent reversed that determination and denied the application, prompting petitioner to commence this CPLR article 78 proceeding.
We confirm. As the applicant, petitioner bore the burden of demonstrating his entitlement to accidental disability retirement benefits, and respondent’s determination will be upheld if supported by substantial evidence (see Matter of Assmann v DiNapoli, 95 AD3d 1487, 1488 [2012]; Matter of Tierney v New York State Comptroller, 90 AD3d 1215, 1215 [2011]). Moreover, “[a]n accident within the meaning of the Retirement and Social Security Law is a sudden and extraordinary event that is unrelated to the ordinary risks of employment” (Matter of Santorsola v McCall, 302 AD2d 727, 728 [2003]). Accordingly, “injuries that arise out of an employee’s own misstep or inattention will not merit an accidental disability determination” (Matter of Magrino v DiNapoli, 64 AD3d 868, 869 [2009]; accord Matter of Magliato v DiNapoli, 78 AD3d 1457, 1458 [2010]).
Here, petitioner fell when he stepped out of his patrol car onto a broken and uneven portion of a sidewalk in the parking lot of the precinct where he had worked for the past nine years. Petitioner testified that it was a clear day and there was nothing obstructing his ability to observe the sidewalk as he got out of the car, but that he did not notice the condition of the sidewalk until after he had fallen. In our view, petitioner has *1048 failed to demonstrate that the condition of the sidewalk was not readily observable prior to his fall or that his injury was caused by anything other than his own inattention or misstep (see Matter of Meyer v New York State Comptroller, 92 AD3d 1122, 1123 [2012]; Matter of Piccinini v DiNapoli, 68 AD3d 1212, 1212-1213 [2009]). Accordingly, we conclude that respondent’s determination is supported by substantial evidence and it will not be disturbed.
Mercure, J.E, Rose and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.