Lahtinen, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for accidental disability retirement benefits.
Petitioner, a police officer, claims that he sustained incapaci *1139 tating injuries to his neck and lower back when, in May 2009, while driving his work vehicle onto the entrance ramp or driveway leading into the rear driveway of the precinct parking lot, he struck a pothole located next to a curb. He thereafter applied for, as relevant herein, accidental disability retirement benefits. That application was denied and petitioner sought a hearing and a redetermination. Following a hearing, the Hearing Officer denied the application, finding that petitioner did not establish that the incident was an accident within the meaning of Retirement and Social Security Law § 363. Upon review, respondent accepted the Hearing Officer’s findings and conclusions and denied the application, prompting the commencement of this CPLR article 78 proceeding.
We confirm. “As the applicant, petitioner bore the burden of demonstrating his entitlement to accidental disability retirement benefits, and [respondent’s] determination, if supported by substantial evidence in the record as a whole, will be upheld” (Matter of Walsh v New York State & Local Retirement Sys., 82 AD3d 1341, 1341 [2011] [citations omitted]; see Matter of Assmann v DiNapoli, 95 AD3d 1487, 1488 [2012]). “Notably, an injury will not be considered accidental if it results from an expected or foreseeable event arising during the performance of routine employment duties” (Matter of Rodriquez v DiNapoli, 110 AD3d 1125, 1126 [2013] [internal quotation marks and citations omitted]; see Matter of Madaffari v DiNapoli, 104 AD3d 1047, 1047 [2013]).
Petitioner testified that he did not see the pothole prior to the time that he drove into it, and he had driven into and out of that parking lot “hundreds, if not thousands” of times, including earlier that same day, without ever noticing or encountering a pothole in that location. Significantly, the Hearing Officer noted that, “[p]otholes are a normal, everyday occurrence on roads and highways, requiring the attention of the motorist.” In our view, petitioner did not demonstrate that the subject pothole was not readily observable prior to his contact with it or that his injury was caused by anything other than his own inattention to a routine driving hazard “undertaken in the performance of ordinary employment duties” (Matter of Grutzner v Murray, 68 AD3d 1231, 1232-1233 [2009]; see Matter of Madaffari v DiNapoli, 104 AD3d at 1048). Accordingly, we conclude that respondent’s determination is supported by substantial evidence and will not be disturbed.
McCarthy, Garry and Egan Jr., JJ, concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.