*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014          518635
_____

In the Matter of KIMBERLY A.
    YURKO,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as
    State Comptroller,
                    Respondent.
_____

Calendar Date:  October 7, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Clark, JJ.

                    _____


        Bartlett, McDonough & Monaghan, LLP, White Plains,
(Patricia D'Alvia of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

                    _____


Stein, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which denied petitioner's
application for accidental disability retirement benefits.

        Petitioner, a police officer, was injured on a morning in
May 2007 when, upon arriving at a scene to assist with a robbery
suspect who had been apprehended, she stepped out of her police
car into a pothole and twisted her left ankle.  Petitioner
thereafter applied for accidental disability retirement benefits,
which were denied on the ground that the incident was not an
accident within the meaning of Retirement and Social Security Law

§ 363. Following a hearing and redetermination, a Hearing Officer denied the application, as relevant here, on the same ground, and respondent upheld that determination. Petitioner then commenced this CPLR article 78 proceeding.

We confirm. Petitioner bore the burden of demonstrating her entitlement to accidental disability retirement benefits and respondent's determination must be upheld if supported by substantial evidence (see Matter of Bennett v DiNapoli, 119 AD3d 1310, 1310 [2014]; Matter of DiGiacomo v DiNapoli, 115 AD3d 1138, 1139 [2014]). Entitlement to benefits depends upon a showing that the precipitating incident was "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]; accord Matter of Cavallo v DiNapoli, 117 AD3d 1366, 1367 [2014]). Credibility issues, including the veracity of sworn testimony, are the province of respondent to resolve (see Matter of Bennett v DiNapoli, 119 AD3d at 1310-1311; Matter of Messina v New York State & Local Employees' Retirement Sys., 102 AD3d 1068, 1069 [2013], lv denied 21 NY3d 855 [2013]).

Here, petitioner testified that the pothole into which she stepped was approximately two feet by two feet and the accident reports contained that same description. Respondent found that, while petitioner testified that she glanced at the road before alighting from her vehicle and did not see the pothole, such testimony was not credible given the size of the hazard. Because the pothole was a condition that was readily observable and, therefore, could have been reasonably anticipated, respondent's determination is supported by substantial evidence (see Matter of DiGiacomo v DiNapoli, 115 AD3d at 1139; Matter of Madaffari v DiNapoli, 104 AD3d 1047, 1047-1048 [2013]).

Lahtinen, J.P., McCarthy, Rose and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court