*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 20, 2014          517970
_____

In the Matter of KEVIN T.
    HOLDEN,
                    Petitioner,

          v                              MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as
    State Comptroller,
                    Respondent.
_____

Calendar Date:   October 15, 2014

Before:   Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ.

                        _____

        Bartlett, McDonough & Monaghan, LLP, White Plains (Sean
Dooley of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

                        _____

Egan Jr., J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which denied petitioner's
application for accidental disability retirement benefits.

        Petitioner, a police lieutenant, was injured in June 2010
when he twisted his ankle on the edge of a drainage grate as he
was exiting his police vehicle in the precinct parking lot.
After petitioner's subsequent application for accidental
disability retirement benefits was denied, he requested a
rehearing and redetermination.  Following that hearing, the
Hearing Officer concluded that the incident was not an accident

within the meaning of Retirement and Social Security Law § 363 and denied petitioner's application.  Upon review, respondent accepted the Hearing Officer's decision and denied the application.  Petitioner then commenced this proceeding pursuant to CPLR article 78 to challenge respondent's determination.[1]

We confirm.  As the applicant, petitioner bore the burden of establishing his entitlement to accidental disability retirement benefits, and respondent's determination in this regard – if supported by substantial evidence – will not be disturbed (see Matter of Walion v New York State & Local Police & Fire Retirement Sys., 118 AD3d 1215, 1215 [2014]; Matter of DiGiacomo v DiNapoli, 115 AD3d 1138, 1139 [2014]).  In this regard, injuries arising out of a petitioner's own misstep or inattention do not constitute an accident (see Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1337 [2013]; Matter of Madaffari v DiNapoli, 104 AD3d 1047, 1047 [2013]; Matter of Meyer v New York State Comptroller, 92 AD3d 1122, 1122 [2012]).

Here, although petitioner testified that he was not parked in his usual parking space at the time that the incident occurred, he acknowledged that he was aware of the drainage grate, as he was required to walk past it to get to his customary parking space – a space that he had utilized for the past nine years.  Petitioner further acknowledged that he looked before stepping out of his patrol vehicle on the day in question.  To the extent that petitioner contended that his injury was the result of stepping on a missing piece of pavement abutting the drainage grate, we note that the accident report prepared on the day of the incident made no mention of this alleged defect, and petitioner's testimony as to whether he observed the particular condition of the pavement prior to exiting his vehicle was inconsistent (see generally Matter of Assmann v DiNapoli, 95 AD3d 1487, 1488 [2012]; Matter of Hardy v DiNapoli, 82 AD3d 1490, 1491 [2011]).  Thus, inasmuch as petitioner failed to demonstrate that the condition of the grate was not readily observable or that his injury was caused by anything other than his own inattention or

---

[1]  Petitioner's ordinary disability retirement became effective February 8, 2012.

misstep, respondent's determination is supported by substantial evidence (see Matter of Madaffari v DiNapoli, 104 AD3d at 1047-1048; Matter of Assmann v DiNapoli, 95 AD3d at 1488).

Peters, P.J., Stein, Garry and Devine, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

*Robert D. Mayberger*

Robert D. Mayberger
Clerk of the Court