■ In the Matter of PARAMJIT GAKHAL, Appellant, v RAYMOND KELLY, as the Police Commissioner of the City of New York, and as Chairman of the Board of Trustees of the POLICE PENSION FUND, ARTICLE II, et al., Respondents. [21 NYS3d 875]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered April 16, 2014, which denied the petition in this CPLR article 78 proceeding to annul respondents' determination, dated August 11, 2011, denying petitioner accidental disability retirement (ADR) benefits, reversed, on the law, without costs, the petition granted, and the matter remanded to respondents for a new determination consistent herewith.

An accident is defined as a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982] [internal quotation marks omitted]). Here, on the first day of training, petitioner lost control of a scooter, which accelerated to 40 miles per hour, and crashed into a metal barrier, causing the barrier and scooter to fall on top of her. The commanding officer of the training unit characterized the incident as "unexpected." While injuries sustained during routine training exercises may not qualify for ADR benefits (*see Matter of Becker v Ward*, 169 AD2d 453 [1st Dept 1991]), here, the loss of control coupled with the scooter's acceleration, appears to have been sudden and out of the ordinary (*see Matter of Starnella v Bratton*, 92 NY2d 836, 839 [1998]; *Matter of Flannelly v Board of Trustees of N.Y. City Police Pension Fund*, 278 AD2d 113 [1st Dept 2000] [officer's trip and fall over a

tangle of television and VCR wires in police locker room, while performing routine security inspection, constituted a service-related accident as a matter of law]). Concur—Acosta, Richter and Manzanet-Daniels, JJ.

Sweeny, J.P., dissents in a memorandum as follows: I dissent.

We are faced with a simple question—was there credible evidence that the incident at issue was not an accident? The answer is yes.

Petitioner was learning to ride a scooter as part of her normal police training in a scooter obstacle course. That the scooter accelerated quickly (petitioner cannot remember why) and hit a metal barrier is unfortunate but clearly within the commonsense expectations of what might occur in such a training exercise.

Where, as here, ADR benefits are denied as a consequence of a tie vote by the Board of Trustees, the denial may be set aside only if it can be determine "as a matter of law" that the officer's disability was "the natural and proximate result of a service-related accident" (*Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 60 NY2d 347, 352 [1983]; *see also Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145 [1997]). As long as there is any "credible evidence" that the incident was not an accident, the Board's determination must stand (*Meyer*, 90 NY2d at 145).

The Court of Appeals has determined that the term "accident" in the applicable statute (*see* Administrative Code of City of NY § 13-252) means a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]).

Here, although the commanding officer's subjective observation that the incident was "unexpected" is favorable for petitioner, there is credible objective evidence that the incident was not an "accident"* (*see Lichtenstein*, 57 NY2d at 1012; *see also Matter of Becker v Ward*, 169 AD2d 453, 453 [1st Dept 1991]). Accordingly, the Board's determination must stand.

The article 78 court's decision should be affirmed. ■

---

* In fact, the majority can say no more than that the incident "appears" to have been sudden and out of the ordinary.