*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    522010
_____

In the Matter of STANLEY LAMB,
                    Petitioner,

          v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as
    Comptroller of the State of
    New York, et al.,
                    Respondents.
_____

Calendar Date:  April 20, 2016

Before:  Lahtinen, J.P., McCarthy, Devine, Clark and Mulvey, JJ.

_____

        Sherman, Federman, Sambur & McIntyre, New York City (Sean Patrick Riordan of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Julie M. Sheridan of counsel), for respondents.

_____

Lahtinen, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.

        Petitioner, a police officer with the Port Authority of New York and New Jersey for 28 years, applied for accidental disability retirement benefits following a slip and fall in a stairwell on May 23, 2012, contending that he permanently injured his left knee.  Following a hearing, a Hearing Officer denied the application upon the ground that the incident did not constitute

an accident within the meaning of Retirement and Social Security Law § 363.  Respondent Comptroller adopted the Hearing Officer's findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm.  For purposes of the Retirement and Social Security Law, an accident is defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]).  The burden was on petitioner, as the party seeking benefits, to establish that the injury producing event was accidental and, "to be deemed accidental, an injury must not have been the result of activities undertaken in the ordinary course of one's job duties but, rather, must be due to a precipitating accidental event which is not a risk of the work performed" (Matter of Schoales v DiNapoli, 132 AD3d 1184, 1185 [2015] [internal quotation marks and citations omitted]).  Moreover, injuries incurred due to conditions that are readily observable and could be reasonably anticipated, or attributable to an employee's own misstep or inattention, do not constitute accidents (see Matter of Holden v DiNapoli, 122 AD3d 1105, 1106 [2014]; Matter of Yurko v DiNapoli, 122 AD3d 1047, 1048 [2014]; Matter of DiGiacomo v DiNapoli, 115 AD3d 1138, 1139 [2014]).

Petitioner testified that, on the day in question, he was working his regular assignment patrolling the lower level toll booth lanes on the George Washington Bridge when, while descending stairs returning from a break, he slipped on the landing of a stairwell in the administrative building. Traversing this employee staircase was a routine part of petitioner's police patrol duties, as he testified that he used the stairwell multiple times every day during his shift.  In the contemporaneous incident report prepared by a police sergeant, petitioner reported that he had slipped on a "wet spot" and the weather conditions were described as "on and off rain."  At the hearing, however, petitioner testified that he had no recollection of the weather conditions that day and described the surface where he had slipped as a "large puddle," two to three feet wide, which he claimed was not observable as it blended with the similarly-colored floor surface.  The Comptroller discredited

petitioner's testimony to the extent that it was inconsistent with the incident report, given his ability to observe the weather conditions at length that day while working outside, and concluded that a large puddle would have been readily observable. Notably, the assessment of credibility and resolution of apparent conflicting evidence was for the Comptroller to resolve (see Matter of Messina v New York State & Local Employees' Retirement Sys., 102 AD3d 1068, 1069 [2013], lv denied 21 NY3d 855 [2013]). Given that the incident occurred during the performance of routine employment duties, that petitioner could have reasonably anticipated that the stairs would be wet and slippery on a rainy day, and that the fall resulted from petitioner's own misstep or inattention, substantial evidence supports the Comptroller's determination that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law (see Matter of Schoales v DiNapoli, 132 AD3d at 1186; Matter of Holden v DiNapoli, 122 AD3d at 1106; Matter of Yurko v DiNapoli, 122 AD3d at 1048; Matter of DiGiacomo v DiNapoli, 115 AD3d at 1139).

McCarthy, Devine, Clark and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court