## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: October 27, 2016          522392
_____

In the Matter of LARRY A.
   BEVILACQUA,
                Petitioner,

      v                          MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
   Comptroller,
                Respondent.
_____

Calendar Date: September 8, 2016

Before: Garry, J.P., Egan Jr., Lynch, Rose and Aarons, JJ.

_____

The Sammarco Law Firm, Buffalo (Andrea L. Sammarco of counsel), for petitioner.

Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.

_____

Lynch, J.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.

Petitioner, a police captain, applied for accidental disability retirement benefits in 2012, alleging that he was permanently incapacitated from performing his job duties as the result of an incident that occurred on September 18, 2002. On that date, petitioner was investigating an armed robbery when he slipped while going down the front steps as he left a suspect's residence. Following a hearing, the Hearing Officer denied the application, concluding that the incident did not constitute an

accident within the meaning of the Retirement and Social Security Law. Respondent adopted the Hearing Officer's decision, prompting this CPLR article 78 proceeding.[1]

We confirm. "As the applicant, petitioner bore the burden of demonstrating his entitlement to accidental disability retirement benefits, and respondent's determination will be upheld if supported by substantial evidence" (Matter of Madaffari v DiNapoli, 104 AD3d 1047, 1047 [2013] [citations omitted]; see Matter of Holden v DiNapoli, 122 AD3d 1105, 1106 [2014]). Notably, "an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties" (Matter of O'Brien v Hevesi, 12 AD3d 895, 896 [2004], lv dismissed 5 NY3d 749 [2005]; see Matter of Rodriquez v DiNapoli, 110 AD3d 1125, 1126 [2013]). Further, "injuries incurred due to conditions that are readily observable and could be reasonably anticipated, or attributable to an employee's own misstep or inattention, do not consitute accidents" (Matter of Lamb v DiNapoli, 139 AD3d 1312, 1313 [2016]; see Matter of Yurko v DiNapoli, 122 AD3d 1047, 1048 [2014]).

It is undisputed that investigating an armed robbery was part of petitioner's job duties. Petitioner testified that it had rained the night before the robbery and that he had approached the suspect's house by crossing the lawns of several neighbors in order to avoid being observed. After ascertaining that the resident was not involved in the robbery, he went to leave by descending a set of steps at which time he slipped and fell. According to petitioner's testimony, he fell because the steps had been painted with glossy paint and the top step was sloped in a downward angle. He also testified that, after he fell, he observed that his boots were damp from crossing the neighbors' lawns. Both the police department's incident report and two other reports signed by petitioner that were created on the day of the incident attribute the fall to his wet boots

---

[1] Petitioner was awarded performance of duty disability retirement benefits.

slipping on the painted porch, with no mention of the sloped step.  Such a discrepancy between the contemporaneous incident reports and petitioner's testimony presented a credibility issue for the Hearing Officer and respondent to resolve (see Matter of Lamb v DiNapoli, 139 AD3d at 1313; Matter of Messina v New York State & Local Employees' Retirement Sys., 102 AD3d 1068, 1069 [2013], lv denied 21 NY3d 855 [2013]).  The Hearing Officer found that the earlier written descriptions of the accident were more credible than claimant's testimony attributing his fall to the sloped step (see Matter of Holden v DiNapoli, 122 AD3d at 1106-1107).  Even accepting claimant's testimony, the Hearing Officer concluded that petitioner, who grew up in the area and described the porch as "one of those big old North Buffalo porches," should have reasonably anticipated that the "steps might have not been level."  In our view, substantial evidence supports respondent's determination that the conditions that caused petitioner's fall — the painted surface of the steps, his wet boots and even the sloped step — were readily observable and that the fall resulted from petitioner's own misstep or inattention (see Matter of Holden v DiNapoli, 122 AD3d at 1107; Matter of Madaffari v DiNapoli, 104 AD3d at 1047-1048).  Accordingly, the determination will not be disturbed.

Garry, J.P., Egan Jr., Rose and Aarons, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition is dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court