# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: November 17, 2016            522941
_____

In the Matter of TIMOTHY
   POWERS,
                    Petitioner,

      v                        MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
   Comptroller,
                    Respondent.
_____


Calendar Date:  October 18, 2016

Before:  Peters, P.J., Garry, Devine, Clark and Aarons, JJ.


_____


    Bartlett, McDonough & Monaghan, LLP, White Plains (Jason D. Lewis of counsel), for petitioner.

    Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.


_____


Aarons, J.

    Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.

    Petitioner worked as a firefighter for over 20 years.  In March 2012, while moving heavy firefighting equipment, petitioner tripped and fell sustaining injuries to his head and back when he hit the ground.  Thereafter, he filed an application for accidental disability retirement benefits based upon this incident.  The application was denied, and, following a hearing, a Hearing Officer upheld the denial of the application upon the

ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Respondent adopted the Hearing Officer's findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm.  For purposes of the Retirement and Social Security Law, an accident is defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]). "Significantly, it must result from an activity that is not undertaken in the performance of ordinary job duties and that is not an inherent risk of such job duties" (Matter of Sica v DiNapoli, 141 AD3d 799, 799 [2016] [internal quotation marks and citations omitted]; see Matter of Kenny v DiNapoli, 11 NY3d at 874).  Injuries sustained due to conditions that are readily observable and that could be reasonably anticipated, or attributable to an employee's own misstep or inattention, do not constitute accidents within the context of the Retirement and Social Security Law (see Matter of Lamb v DiNapoli, 139 AD3d 1312, 1313 [2016]; Matter of Holden v DiNapoli, 122 AD3d 1105, 1106, [2014]).  As the party seeking benefits, petitioner bears the burden of establishing that the event producing the injury was an accident, and respondent's determination will be upheld where it is supported by substantial evidence (see Matter of Lamb v DiNapoli, 139 AD3d at 1313; Matter of Dicioccio v DiNapoli, 124 AD3d 1170, 1171 [2015]), a standard that "demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [2011]).

Petitioner testified that, on the day of the incident, there was light rainfall when he was transferring about 20 pieces of firefighting equipment from a firetruck that was being repaired to a spare firetruck.  To facilitate this task, the trucks were parked on an asphalt parking lot approximately four to five feet apart from each other.  After moving equipment to the spare truck for about 10 minutes, petitioner picked up a Lukas tool, commonly known as the "jaws of life," which weighed approximately 70 to 75 pounds.  Petitioner explained that, as he

walked sideways with this equipment towards the spare truck, he tripped and fell, after which he observed a one-foot long crack in the pavement that was broken into one to one-half inch fragments that he had not seen prior to his fall. One of petitioner's colleagues who was assisting him with the transfer of equipment and who witnessed the incident also testified that they were not previously warned about the condition of the pavement. Nevertheless, under the circumstances presented here, the incident occurred during petitioner's performance of routine and regular duties as a firefighter, which he had performed numerous times, and the hazard encountered by petitioner was readily observable and one that could have been reasonably anticipated (see Matter of Holden v DiNapoli, 122 AD3d at 1107; Matter of DiGiacomo v DiNapoli, 115 AD3d 1138, 1139 [2014]; Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1338 [2013]). Accordingly, we discern no basis to disturb respondent's finding that petitioner's fall resulted from his own inattention and misstep and that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law (see Matter of Lamb v DiNapoli, 139 AD3d at 1313-1314; Matter of Schoales v DiNapoli, 132 AD3d 1184, 1186 [2015]).

Peters, P.J., Garry, Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court