*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 29, 2016                    522323
_____

In the Matter of HELEN
    WASHINGTON,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller,
                        Respondent.
_____

Calendar Date:  November 17, 2016

Before:  Peters, P.J., Garry, Devine, Mulvey and Aarons, JJ.

_____

        Law Office of Dennis Gaughan, Hamburg (Eric P. Doherty of
counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

Devine, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent denying petitioner's
application for accidental disability retirement benefits.

        Petitioner, a nurse at a correctional facility, suffered
injuries when she tripped over an open cabinet drawer.  Her
subsequent application for accidental disability retirement
benefits was denied on the ground that the incident did not
constitute an accident within the meaning of the Retirement and
Social Security Law, and she requested a hearing and
redetermination.  Following the hearing, the Hearing Officer

determined that the incident constituted an accident entitling petitioner to the benefits.  Respondent disagreed upon administrative review and denied petitioner's application.  This CPLR article 78 proceeding ensued.

Petitioner bore the burden of showing her entitlement to accidental disability retirement benefits and respondent's determination will be upheld if supported by substantial evidence (see Matter of Scofield v DiNapoli, 125 AD3d 1086, 1086 [2015]; Matter of Bennett v DiNapoli, 119 AD3d 1310, 1310 [2014]).  It is well settled that in order for an incident to constitute an accident within the meaning of the Retirement and Social Security Law, it must be "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citations omitted]; accord Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008]).

Petitioner testified that, on the day of the incident, she was in the medication room along with another nurse.  The other nurse retrieved an item from a cabinet drawer and left the room and, when petitioner turned to wash her hands, she tripped and fell over the open drawer.  Petitioner described the room as "very small" and well lit, and she knew that the other nurse had opened the drawer.  Respondent accordingly concluded that the subsequent trip and fall was not an accident because it stemmed from a condition that was "readily observable and could be reasonably anticipated," rendering petitioner's "own misstep or inattention" the cause of her injuries (Matter of Lamb v DiNapoli, 139 AD3d 1312, 1313 [2016]; see Matter of Holden v DiNapoli, 122 AD3d 1105, 1106-1107 [2014]).

What respondent's analysis overlooked was that, under the circumstances present in this case, petitioner had every reason to believe that the drawer would be closed when she turned. Petitioner testified that the drawer contained sharp items that would be dangerous in the hands of inmates and, as such, protocol demanded that it be secured when not in use.  Petitioner assumed that this protocol had been followed and, indeed, she had never before seen a nurse fail to close and secure the drawer before

leaving the room in the seven years that she had worked at the facility.  The Hearing Officer credited that testimony — an assessment that respondent did not disturb — and it "establishes the unusual and unexpected nature of the [other nurse]'s action as the precipitating cause of the injury, and that the risk of such action was not an inherent risk in the ordinary performance of petitioner's regular duties" (Matter of Echols v Regan, 161 AD2d 1024, 1025 [1990]; compare Matter of McCambridge v McGuire, 62 NY2d 563, 567-568 [1984], with Matter of Tomita v DiNapoli, 66 AD3d 1071, 1072 [2009]).  Substantial evidence therefore fails to support respondent's determination, and it must be annulled (see Matter of Leuenberger v McCall, 235 AD2d 906, 907 [1997]; Matter of Echols v Regan, 161 AD2d at 1025).  Petitioner's remaining contentions are academic.

Peters, P.J., Garry, Mulvey and Aarons, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court