■ In the Matter of JOAN JAMISON MANNING, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, et al., Respondents.
[54 NYS3d 216]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.

In September 2000, petitioner began working as a police officer for the Suffolk County Police Department. On December 14, 2007, after responding to the scene of an automobile accident, petitioner stepped into a pothole, tripped and fell to the ground. On February 27, 2013, while working at her desk, one of the wheels to her chair got caught in a rut in the floor surface causing her chair to tip, and petitioner sustained injuries in her attempt to avoid falling to the floor. Thereafter, as a result of injuries that she sustained from these incidents, petitioner filed an application for accidental disability retirement benefits. Respondent New York State and Local Police and Fire Retirement System denied her application on the ground that neither the December 2007 incident nor the February 2013 incident constituted an accident within the meaning of the Retirement and Social Security Law.* A Hearing Officer upheld the denial of her application for the same reason, and respondent Comptroller subsequently adopted the Hearing Officer's decision. This CPLR article 78 proceeding ensued.

We confirm. "Injuries sustained due to conditions that are readily observable and that could be reasonably anticipated, or attributable to an employee's own misstep or inattention, do not constitute accidents within the context of the Retirement and Social Security Law" (*Matter of Powers v DiNapoli*, 144 AD3d 1380, 1381 [2016]; *see Matter of Lamb v DiNapoli*, 139 AD3d 1312, 1313 [2016]; *Matter of Holden v DiNapoli*, 122 AD3d 1105, 1106 [2014]). "The burden is on the party seeking benefits to establish that the injury-producing event was accidental in nature" (*Matter of Magistro v DiNapoli*, 142 AD3d 750, 751 [2016] [citations omitted]; *see Matter of Rosenbergen v DiNapoli*, 144 AD3d 1384, 1385 [2016]).

Regarding the incident of December 14, 2007, petitioner testified that after responding to an automobile accident on a

---

* Petitioner testified that she is no longer employed as a police officer and receives performance of duty disability retirement benefits.

highway and exiting her vehicle to speak to individuals present at the scene of the accident, she decided to return to her police car to obtain paperwork. As she was walking back to her vehicle traversing the same route that she had previously taken, petitioner "inadvertently" stepped into a pothole in the road and fell to the pavement. Petitioner explained that the pothole was oval shaped and a couple of feet wide in diameter. In our view, petitioner has failed to establish that the condition of the road was not readily observable prior to her fall or that her fall was caused by anything other than her own inattention or misstep (see Matter of Yurko v DiNapoli, 122 AD3d 1047, 1048 [2014]; Matter of Madaffari v DiNapoli, 104 AD3d 1047, 1047-1048 [2013]; Matter of Piccinini v DiNapoli, 68 AD3d 1212, 1212-1213 [2009]; Matter of Coon v New York State Comptroller, 30 AD3d 884, 885 [2006], lv denied 7 NY3d 717 [2006]; compare Matter of Pratt v Regan, 68 NY2d 746, 747-748 [1986]).

Turning to the incident of February 27, 2013, petitioner testified that, while at her computer workstation desk, she was seated in her chair when one of its wheels got stuck in an elongated opening in the floor surface that was approximately eight inches in length and $1^{1}/_{2}$ inches deep. As a result, her chair started to tip causing her to wrench her back in an effort to avoid a fall to the floor. Petitioner acknowledged that she was generally aware of the floor's condition, and she failed to otherwise establish that the condition of the floor in her desk area was not readily observable and apparent or that this incident was caused by anything other than her own lack of attention and misstep (see Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1337-1338 [2013]; Matter of Robinson v DiNapoli, 56 AD3d 943, 944 [2008]; Matter of O'Brien v New York State Comptroller, 56 AD3d 937, 938 [2008], lv denied 12 NY3d 708 [2009]; Matter of Brennan v New York State & Local Empls. Retirement Sys., 50 AD3d 1374, 1375-1376 [2008]; compare Matter of Meyer v New York State Comptroller, 92 AD3d 1122, 1123 [2012]). Under these circumstances, substantial evidence supports the Comptroller's finding that petitioner's injuries from the two incidents in question occurred as the result of her own misstep or inattention, and we therefore find no basis in the record before us to disturb the determination under review.

Garry, J.P., Lynch, Clark and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.