Mulvey, J.
 

 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller denying petitioner’s application for accidental disability retirement benefits.
 

 Petitioner, a police officer, applied for accidental disability retirement benefits, alleging that he was permanently incapacitated from performing his job duties as the result of an incident where he fell while working. The application was initially denied and petitioner requested a hearing and rede-termination. Following a hearing, the Hearing Officer upheld the denial, concluding that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. The Comptroller adopted the Hearing Officer’s decision and this CPLR article 78 proceeding ensued.
 

 We confirm. “As the applicant, petitioner bore the burden of establishing his entitlement to accidental disability retirement benefits, and [the Comptroller’s] determination in this regard—if supported by substantial evidence—will not be disturbed” (Matter of Holden v DiNapoli, 122 AD3d 1105, 1106 [2014] [citations omitted]; see Matter of Washington v DiNapoli, 145 AD3d 1375, 1376 [2016]). For purposes of the Retirement and Social Security Law, an accident is defined as “a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact” (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]). Importantly, “injuries incurred due to conditions that are readily observable and could be reasonably anticipated, or attributable to an employee’s own misstep or inattention, do not constitute accidents” (Matter of Lamb v DiNapoli, 139 AD3d 1312, 1313 [2016]; see Matter of Manning v DiNapoli, 150 AD3d 1382, 1382 [2017]).
 

 Petitioner testified that, on the day of the incident, he had responded to a medical aid call in an apartment building. According to petitioner’s testimony, after checking on the condition of the subject of the call, he was leaving the subject’s apartment when the doormat outside the apartment door slid out from underneath him, causing him to fall. However, the employer’s incident report, completed on the same day as petitioner’s fall, makes no mention of the doormat sliding out from underneath petitioner. Rather, the report indicates that petitioner reported that he slipped on the doormat. Petitioner also testified that he had wiped his feet on the doormat when he arrived and that the doormat did not move at that time and appeared to be secure. The assessment of petitioner’s testimony and the inconsistency between the testimony and the incident report created a credibility determination for the Comptroller to resolve (see Matter of Bevilacqua v DiNapoli, 143 AD3d 1219, 1220 [2016]; Matter of Messina v New York State & Local Employees’ Retirement Sys., 102 AD3d 1068, 1069 [2013], lv denied 21 NY3d 855 [2013]). Inasmuch as it can be inferred from the foregoing that petitioner’s fall was the result of his own misstep or inattention, the Comptroller’s determination is supported by substantial evidence and it will not be disturbed (see Matter of Walsh v New York State & Local Retirement Sys., 82 AD3d 1341, 1342 [2011]; Matter of Napoli v DiNapoli, 68 AD3d 1616, 1617 [2009]).
 

 Garry, J.P., Devine, Aarons and Rumsey, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.