McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ In the Matter of FRED MARTINS, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [66 NYS3d 366]—

Devine, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's applications for accidental disability retirement benefits.

Petitioner, a state trooper, filed two applications for accidental disability retirement benefits after allegedly sustaining disabling injuries to his right knee in November 2012 and July 2013. Specifically, he injured himself while playing basketball in November 2012, then tripped on a tile and fell at work in July 2013. Both applications were initially denied and petitioner requested a redetermination. The denials were upheld following a hearing, with the Hearing Officer finding that neither incident constituted an accident within the meaning of the Retirement and Social Security Law and that petitioner was not in service at the time of the November 2012 incident. Respondent adopted the Hearing Officer's findings and conclusions, prompting this CPLR article 78 proceeding.

We confirm. There is no doubt that "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]; *accord Matter of Kenny v DiNapoli*, 11 NY3d 873, 874 [2008]). As a result, "injuries incurred due to conditions that are readily observable and could be reasonably anticipated, or attributable to an employee's own misstep or inattention, do not constitute accidents" (*Matter of Lamb v DiNapoli*, 139 AD3d 1312, 1313 [2016]; *see Matter of Powers v DiNapoli*, 144 AD3d 1380, 1381 [2016]).

With that in mind, petitioner was injured in November 2012

when he "lost [his] footing" while playing basketball at a job-related training academy, either because his leg buckled while running or because he slipped on a patch of sweat or water. Even assuming that this voluntary activity was undertaken as part of his work duties, petitioner admitted that he had played basketball before and was aware of the conditions that could be found on the basketball court. Substantial evidence accordingly supports the finding that the incident did not constitute an accident, as it resulted from risks of the game that could have been reasonably anticipated (*see Matter of Powers v Di-Napoli*, 144 AD3d at 1381-1382; *Matter of Beachy v Regan*, 119 AD2d 967, 968-969 [1986], *lv denied* 68 NY2d 604 [1986]).

Turning to the July 2013 incident, petitioner was working at a dimly lit dispatch call center when he tripped on a tile covering an air conditioning duct on the floor. Petitioner admitted to knowing that other workers covered the air conditioning ducts with tiles in order to block the cold air and, in fact, had previously seen the ducts covered in that manner. He further testified that he knew where the air ducts were in the room and had walked past the air duct in question earlier that day. Thus, substantial evidence similarly supports respondent's determination that petitioner could have reasonably anticipated the presence of the tile and that the ensuing trip and fall was not an accident (*see Matter of Dicioccio v DiNapoli*, 124 AD3d 1170, 1171 [2015]).

Peters, P.J., Garry, Clark and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.