Matter of Loia v DiNapoliI (2018 NY Slip Op 05984)





Matter of Loia v DiNapoliI


2018 NY Slip Op 05984


Decided on September 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 6, 2018

526165

[*1]In the Matter of GREGG A. LOIA, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: August 23, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ.


Bartlett LLP, White Plains (Michael J. Catallo of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (William A. Storrs of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner worked as a firefighter for the City of Yonkers Fire Department for approximately 15 years. In December 2012, he responded to a medical emergency involving a person who was having difficulty breathing. When an ambulance arrived, petitioner entered the side door to replenish medical supplies and then exited through the rear doors, which were open. Unknown to petitioner, a folding step located above the rear bumper of the ambulance, that was usually open, was closed and in an upright position. This step was thus flush against the bumper when he exited through the rear doors. As petitioner placed his foot on the edge of the step, it opened downward, causing him to fall to the ground. As a result of his injuries, petitioner filed an application for accidental disability retirement benefits. His application was initially denied and, following a hearing, the denial was upheld by a Hearing Officer, who concluded that the incident in question did not constitute an accident within the meaning of the Retirement and Social Security Law. Respondent concurred with the Hearing Officer's conclusion, and this CPLR article 78 proceeding ensued.
Initially, petitioner bears the burden of establishing that his disability was the result of an accident within the meaning of the Retirement and Social Security Law, and respondent's determination in this regard will be upheld if supported by substantial evidence (see Matter of Mitchell v DiNapoli, 154 AD3d 1029, 1030 [2017]; Matter of Portmore v New York State Comptroller, 152 AD3d 945, 946 [2017]). The Court of Appeals recently reconfirmed that the definition of an accident, for purposes of the Retirement and Social Security Law, is a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kelly v [*2]DiNapoli, 30 NY3d 674, 681 [2018] [internal quotation marks and citations omitted]; see Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008]). Significantly, in order for an injury to be considered accidental, it must have been caused by a precipitating external event that was sudden, unexpected and not an inherent risk of the work performed (see Matter of Kelly v DiNapoli, 30 NY3d at 684-686; Matter of Starnella v Bratton, 92 NY2d 836, 839 [1998]; Matter of Stancarone v DiNapoli, 161 AD3d 144, 146-147 [2018]).
Petitioner testified that he had entered and exited ambulances hundreds of times during the course of his career as a firefighter. He was familiar with the folding step located at the rear of the ambulance and indicated that it was usually down and in an open position so that people could safely get in and out of the ambulance. He explained that the step was designed to flip up temporarily when a stretcher was being loaded into the ambulance to keep the wheels from striking the step and then to flip back down. Petitioner stated that, when he entered the ambulance on the date in question, the stretcher had already been removed, so he assumed that the step was down when he went to exit. He indicated that, as he was exiting the ambulance, he placed his foot on the edge of the step, which was a color similar to the bumper, while it was flipped up and flush against the bumper. When he did so, it collapsed downward, causing him to fall to the ground.
Under these circumstances, the precipitating external event, i.e., the flipping down of the folding step, was sudden, unexpected and not a risk inherent in petitioner's ordinary job duties (see Matter of Pratt v Regan, 68 NY2d 746, 747-748 [1986]; Matter of Gakhal v Kelly, 135 AD3d 406, 406-407 [2016]). Likewise, petitioner's fall was not attributable to inattention or a mere misstep (compare Matter of Starnella v Bratton, 92 NY2d at 839; Matter of Powers v DiNapoli, 144 AD3d 1380, 1381-1382 [2016]; Matter of West v DiNapoli, 79 AD3d 1565, 1566 [2010]; Matter of Piccinini v DiNapoli, 68 AD3d 1212, 1212-1213 [2009]; Matter of Magrino v DiNapoli, 64 AD3d 868, 869 [2009]), but rather to an apparently malfunctioning piece of equipment that was designed, under normal circumstances, to promote safety (see e.g. Matter of Scharp v DiNapoli, 104 AD3d 1041, 1041-1042 [2013]; Matter of O'Neill v DiNapoli, 83 AD3d 1280, 1281 [2011]). Accordingly, respondent's denial of petitioner's application on the ground that the incident was not an accident within the meaning of the Retirement and Social Security Law is not supported by substantial evidence and must be annulled.
Egan Jr., Devine, Clark and Aarons, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.