Matter of Lewis v New York State Comptroller (2019 NY Slip Op 07828)





Matter of Lewis v New York State Comptroller


2019 NY Slip Op 07828


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

528406

[*1]In the Matter of Mitchell Lewis, Petitioner,
v
New York State Comptroller et al., Respondents.

Calendar Date: September 12, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Edelstein & Grossman, New York City (Jonathan I. Edelstein of counsel), for petitioner.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondents.



Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer, was on duty during the early morning hours of March 29, 2015 after a snowstorm had deposited about five inches of snow on the ground. He responded to an automobile accident involving a vehicle that slid off the road and hit a mailbox. The road was in poor condition at the time, as it had not yet been plowed or treated with salt. Petitioner wore ice cleats when he approached the vehicle to interview the driver. After he got back into his patrol car and was writing an accident report, a second accident occurred behind him. Petitioner exited his patrol car to assess the situation and, when he returned, he called for an ambulance and made arrangements to have the road closed. While he was writing a second accident report, a third automobile accident occurred. Petitioner exited his patrol car once again and began walking toward the accident scene when he stepped into a pothole that was covered by snow and ice. He lost his balance and fell backwards, seriously injuring himself.
Petitioner filed an application for accidental disability retirement benefits. His application was denied on the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing, this determination was upheld by a Hearing Officer. Respondent Comptroller adopted the Hearing Officer's decision, and petitioner commenced this CPLR article 78 proceeding challenging it.
Petitioner bears the burden of establishing that his disability arose from an accident within the meaning of the Retirement and Social Security Law, and the Comptroller's determination in this regard will be upheld if supported by substantial evidence (see Matter of Buckshaw v DiNapoli, 169 AD3d 1139, 1140 [2019], lv denied 33 NY3d 904 [2019]; Matter of Cavallo v DiNapoli, 167 AD3d 1303, 1304 [2018]). For purposes of the Retirement and Social Security Law, an accident has been defined as a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art II, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citations omitted]; see Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018]). As this Court has stated, "[t]o be deemed accidental, an injury must not have been the result of activities undertaken in the ordinary course of one's job duties but, rather, must be due to a precipitating accidental event which is not a risk of the work performed" (Matter of Stancarone v DiNapoli, 161 AD3d 144, 147 [2018] [internal quotation marks and citations omitted]; see Matter of Buckshaw v DiNapoli, 169 AD3d at 1140).
There can be no dispute that, at the time of the incident, petitioner was performing his ordinary job duties of responding to a series of traffic accidents that had occurred during his shift and that falling on a slippery snow- and ice-covered road may be a risk of petitioner's ordinary job duties. However, we find that falling due to a pothole concealed under the snow and ice is not such a risk (see Matter of Pratt v Regan, 68 NY2d 746, 747 [1986]; see also Loia v DiNapoli, 164 AD3d 1513, 1515 [2018]; compare Matter of Manning v DiNapoli, 150 AD3d 1382, 1382-1383 [2017]). Accordingly, given these circumstances, petitioner's fall was a sudden and unexpected event that constitutes an accident as matter of law (see Matter of Pratt v Regan, 68 NY2d at 747; Matter of Smith v New York State & Local Retirement Sys., 103 AD3d 966, 967 [2013]). As such, we do not find the Comptroller's determination to be supported by substantial evidence (see Matter of Loia v DiNapoli, 164 AD3d at 1515; Matter of Sammon v DiNapoli, 97 AD3d 952, 953 [2012]).
Based upon this finding, we also briefly address the Hearing Officer's determination that "[c]ontemporaneous reports of events that are not consistent with later versions call into question the reliability and credibility of later versions." Any inconsistencies between petitioner's testimony and written documents present a credibility issue for resolution by the Hearing Officer. However, "contrary to the Hearing Officer's findings, the documentary evidence in the record does not disclose inconsistencies that render petitioner's testimony incredible" (Matter of DeMaio v DiNapoli, 160 AD3d 1276, 1278 [2018]; compare Matter of Buckshaw v DiNapoli, 169 AD3d at 1141). Although written reports contained in the record note that petitioner fell on snow and ice but do not mention the concealed pothole, they do not contradict petitioner's version of the event, particularly given that the pothole was concealed and, as such, may not have been readily observed by witnesses to the slip and fall (see Matter of DeMaio v DiNapoli, 160 AD3d at 1278).
Garry, P.J., Egan Jr. and Mulvey, JJ., concur.
Clark, J. (dissenting).
I respectfully dissent. The Court of Appeals has made clear that, to qualify as an accident within the meaning of the Retirement and Social Security Law, there must have been a precipitating accidental event that caused the injury which was not a risk of the work performed (see Matter of Kelly v DiNapoli, 30 NY3d 674, 681-682 [2018]). In my view, stepping into a snow- and ice-covered pothole is not a precipitating accidental event that was not a risk of petitioner responding to the third consecutive car accident on a particular snowy roadway. Although stepping into the pothole may have been sudden, it was not, on this record, a hazard so out of the ordinary or unexpected under the circumstances so as to qualify as an accident (see Matter of Cavallo v DiNapoli, 167 AD3d 1303, 1304-1305 [2018]; see generally Matter of Kelly v DiNapoli, 30 NY3d at 686 [Wilson, J., dissenting in part, concurring in part]; compare Matter of Loia v DiNapoli, 164 AD3d 1513, 1515 [2018]). Indeed, the record reveals that petitioner was equipped with ice cleats to help him traverse the unplowed and unsalted roadway and that, having had ample opportunity to observe and traverse the snow-covered road while responding to the first two car accidents, he was aware of the possibility that road hazards could be concealed. Under these circumstances, I find that substantial evidence supports respondent Comptroller's determination that petitioner's act of stepping into the snow- and ice-covered pothole was not an accident within the meaning of the Retirement and Social Security Law (see Matter of Kowal v DiNapoli, 30 NY3d 1124, 1124-1125 [2018]; Matter of Cavallo v DiNapoli, 167 AD3d at 1304-1305). Accordingly, I would confirm the determination and dismiss the petition.
ADJUDGED that the determination is annulled, without costs, petition granted, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.