Matter of Arroyo v DiNapoli (2021 NY Slip Op 03895)





Matter of Arroyo v DiNapoli


2021 NY Slip Op 03895


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

532182
[*1]In the Matter of Margaret Arroyo, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:June 2, 2021

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Colangelo, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
On January 19, 2011, petitioner, a police officer for the Suffolk County Police Department, was on limited duty and assigned to desk duty at her precinct. That morning, she accompanied a fellow officer to pick up breakfast for the precinct. Upon their return, petitioner was injured when she slipped on ice in the precinct parking lot. Petitioner thereafter applied for accidental disability retirement benefits as the result of injuries sustained in both this incident and a December 2000 incident. The application for accidental disability retirement benefits was initially denied upon the grounds that the 2011 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363 and that respondent had previously addressed the 2000 incident and, in an October 2009 determination, found that it did not constitute an accident. Following a hearing and redetermination, a Hearing Officer upheld the denial, finding that respondent had already determined that the 2000 incident did not constitute an accident and that petitioner was not in service at the time of the 2011 incident. Respondent adopted the Hearing Officer's findings of fact and conclusions of law, and petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.[FN1]
"In order to be entitled to accidental disability retirement benefits, the burden is on the applicant to demonstrate that his or her incapacitation was the natural and proximate result of an accident sustained while in service" (Matter of Gilden v DiNapoli, 183 AD3d 1100, 1101-1102 [2020] [internal quotation marks, ellipses, brackets and citations omitted]; see Retirement and Social Security Law § 363 [a] [1]; Matter of Whipple v New York State & Local Retirement Sys., 126 AD3d 1282, 1283 [2015], lv denied 26 NY3d 912 [2015]). "The law is settled that respondent is vested with exclusive authority to determine all applications for retirement benefits, including the question of whether an accidental injury was sustained while in service, and if supported by substantial evidence, the determination must be upheld" (Matter of Welch v Hevesi, 32 AD3d 564, 564 [2006] [internal quotation marks and citations omitted]; see Matter of Waldron v McCall, 302 AD2d 742, 743 [2003], lv denied 100 NY2d 503 [2003]). "The determination with respect to whether an applicant was in service turns on whether he or she was performing job duties at the time of the injury" (Matter of Hoehn v New York State Comptroller, 122 AD3d 984, 985 [2014] [citations omitted]; see Matter of Gilden v DiNapoli, 183 AD3d at 1102).
Respondent's determination that petitioner was not in service because she was performing "a personal activity" at the time of [*2]her 2011 injury is not supported by substantial evidence. Petitioner testified that, on the day of the incident, her supervisor asked if the desk duty officers were going to get breakfast. According to petitioner, the supervisor then requested that someone contact a patrol officer that was on the road and have him or her pick up breakfast for the precinct.[FN2] A fellow officer that was in the precinct at the time volunteered to go and asked petitioner to accompany him to help carry the large order. According to petitioner, her supervisor then gave her permission to go and he paid for the breakfast order. Upon her return to the precinct with the breakfast order, she slipped on ice while walking in the parking lot. In our view, by going out to pick up a breakfast order for the precinct at the behest of her supervisor, petitioner was performing a work duty rather than engaged in a personal activity (see Matter of Crisanti v McCall, 302 AD2d 672, 673 [2003]). Accordingly, petitioner was in service at the time of her injury. Inasmuch as respondent did not reach the issue as to whether the 2011 incident constituted an accident within the meaning of Retirement and Social Security Law § 363, we remit the matter for that purpose.
Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as denied petitioner's application for accidental disability retirement benefits with respect to the 2011 incident; matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.



Footnotes

Footnote 1: Since petitioner's brief does not address respondent's finding regarding the 2000 incident, this issue is deemed abandoned (see Matter of Portmore v New York State Comptroller, 152 AD3d 945, 946 n [2017]).

Footnote 2: Petitioner testified that her light-duty restrictions included that she could not drive a patrol car.