Matter of Lindh v DiNapoli (2021 NY Slip Op 06415)





Matter of Lindh v DiNapoli


2021 NY Slip Op 06415


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

532672
[*1]In the Matter of Eric Lindh, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:October 14, 2021

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.



Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a sergeant with the Village of Mamaroneck Police Department, applied for, as is relevant here, accidental disability retirement benefits. The application alleged that he was permanently incapacitated from performing his duties due to conditions arising out of several events, including a 2013 incident in which he punched a door during a contentious and stressful work-related conversation with his subordinates. Following the initial denial of the application, petitioner requested a hearing and redetermination and limited his arguments to the 2013 incident. The Hearing Officer upheld the denial after that hearing, finding that the 2013 incident lacked a connection to petitioner's duties and was not, in any event, an accident within the meaning of Retirement and Social Security Law § 363. Respondent's designee adopted the Hearing Officer's findings of fact and conclusions of law, prompting this CPLR article 78 proceeding.
We confirm. In order to be entitled to accidental disability retirement benefits, an applicant bears the burden of showing that his or her "incapacitation from the performance of his [or her] duties was the natural and proximate result of an accident or a disability that was sustained in such service" (Matter of Verille v Gardner, 177 AD3d 1068, 1069 [2019] [internal quotation marks and citations omitted]; see Retirement and Social Security Law § 363 [a] [1]; Matter of Arroyo v DiNapoli, 195 AD3d 1290, 1291 [2021]). An applicant is deemed to be in service if "he or she was performing job duties at the time of the injury" (Matter of Hoehn v New York State Comptroller, 122 AD3d 984, 985 [2014]; accord Matter of Arroyo v DiNapoli, 195 AD3d at 1291). Respondent is vested with the authority to determine whether an accidental injury was sustained while in service, and that determination will be upheld if supported by substantial evidence (see Matter of Arroyo v DiNapoli, 195 AD3d at 1291; Matter of Gilden v DiNapoli, 183 AD3d 1100, 1102 [2020]).
Petitioner was performing one of his job duties by informing his subordinates about a new departmental policy that they would be expected to follow. However, his display of violence when the conversation turned contentious was neither necessary nor permissible in accomplishing that task. Indeed, petitioner was disciplined for his outburst and admitted telling his subordinates that it had "nothing to do" with them. Substantial evidence therefore supports respondent's finding that petitioner was not performing his job duties when he intentionally punched a metal door (see Matter of Walsh v Scoppetta, 18 NY3d 850, 852 [2011]; Matter of Sorli v Levitt, 77 AD2d 773, 774 [1980], appeal dismissed 52 NY2d 897 [1981]). In view of the foregoing[*2], petitioner's further challenge to the finding that the 2013 incident was not an accident within the meaning of the Retirement and Social Security Law has been rendered academic (see Matter of Micalizzi v DiNapoli, 81 AD3d 1067, 1068 [2011]).
Garry, P.J., Egan Jr., Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.