Matter of Como v New York State Comptroller (2022 NY Slip Op 01223)





Matter of Como v New York State Comptroller


2022 NY Slip Op 01223


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

533531
[*1]In the Matter of Victoria Como, Petitioner,
v
New York State Comptroller et al., Respondents.

Calendar Date:January 11, 2022

Before:Garry, P.J., Lynch, Pritzker and Colangelo, JJ.

Fusco, Brandenstein & Rada, PC, Woodbury (John Hewson of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondents.



Lynch, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
Petitioner, a court officer, applied for accidental disability retirement benefits in January 2019, alleging that she was permanently incapacitated from the performance of her job duties as a result of injuries suffered when she slipped and fell on a wet floor while on duty. The application was initially denied on the basis that petitioner's injuries were not the result of an accident within the meaning of Retirement and Social Security Law § 605. Following a hearing, a Hearing Officer upheld the denial upon the same ground and, upon further review, respondent Comptroller affirmed. This CPLR article 78 proceeding ensued.
As the applicant, petitioner bore the burden of establishing that her disability arose from an accident " not caused by his [or her] own willful negligence sustained in the performance of his [or her] duties" (Retirement and Social Security Law § 605 [b] [3]), and the Comptroller's determination in this regard will be upheld if supported by substantial evidence (see Matter of Angelino v New York State Comptroller, 176 AD3d 1376, 1377 [2019]; Matter of Creegan v DiNapoli, 172 AD3d 1856, 1857 [2019], lv denied 34 NY3d 902 [2019]). As the Court of Appeals has explained, "an injury-causing event is accidental when it is sudden, unexpected and not a risk of the work performed" (Matter of Kelly v DiNapoli, 30 NY3d 674, 682 [2018]). The Court has further cautioned that requiring a petitioner to demonstrate that a condition was not readily observable in order to establish an accident is not the standard (see id. at 685-686 n 3).
Petitioner testified that she was on duty and returning to the security office at the end of her shift when she "slipped on the wet floor" in the courthouse where she was assigned. Having fallen to the ground on her back, she "felt the water on the floor" and observed that the whole area appeared to be wet as though recently mopped. She stated that she did not observe that the floor — which was light in color — was wet before her fall and, further, there had been no signs advising of the hazard. She had never seen anyone mopping in the courthouse and was wearing nonslip shoes as part of her uniform at the time of the fall.
Like the incidents deemed accidental in Matter of Knight v McGuire (62 NY2d 563 [1984] [accident where the petitioner slipped on wet pavement getting into a patrol car]) and Matter of Gasparino v Bratton (92 NY2d 836, 838-839 [1998] [accident where the petitioner slipped in water on a bathroom floor]), the precipitating event here was not a risk of the work performed by petitioner. Her description of the incident also demonstrates that her fall was sudden and unexpected (compare Matter of Kenny v DiNapoli, 11 NY3d 873, 874-875[*2][2008]). The Hearing Officer's assessment that petitioner "could have avoided this hazard by merely looking down" misapplies the governing standard. As such, the Comptroller's denial of petitioner's application on the basis that the incident was not an accident under the Retirement and Social Security Law is not supported by substantial evidence and, thus, must be annulled.
Garry, P.J., Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted, and matter remitted to respondent Comptroller for further proceedings not inconsistent with the Court's decision.