Matter of Young v DiNapoli (2022 NY Slip Op 05123)

Matter of Young v DiNapoli

2022 NY Slip Op 05123

Decided on September 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 1, 2022

533976
[*1]In the Matter of Keith Young, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, et al., Respondents.

Calendar Date:August 17, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ.

McIntyre, Donohue, Accardi, Salmonson & Riordan, LLP, Bay Shore (David Donohue of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondents.

Clark, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's applications for accidental disability retirement benefits and disability retirement benefits.
Petitioner, a court officer, applied for accidental disability retirement benefits in December 2018 and thereafter applied for ordinary disability retirement benefits in July 2019, alleging that he was permanently incapacitated from the performance of his job duties as a result of injuries suffered when he slipped and fell at work. The unwitnessed fall occurred as petitioner was responding to a radio call regarding an altercation outside of the courthouse where he was on duty. The applications were initially denied on the basis that petitioner's injuries were not the result of an accident within the meaning of Retirement and Social Security Law §§ 605-a and 605. Following a hearing, a Hearing Officer upheld the denial upon the same grounds and, upon further review, respondent Comptroller affirmed. This CPLR article 78 proceeding ensued.
We confirm. "As an applicant for accidental disability retirement benefits, petitioner bears the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and the Comptroller's determination in that regard will be upheld if supported by substantial evidence" (Matter of Valente v New York State Comptroller, 205 AD3d 1295, 1295 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Retirement and Social Security Law §§ 605-a [a] [1]; 605 [b] [3]). "[A]n injury-causing event is accidental when it is sudden, unexpected and not a risk of the work performed" (Matter of Kelly v DiNapoli, 30 NY3d 674, 682 [2018]; accord Matter of Como v New York State Comptroller, 202 AD3d 1427, 1428 [3d Dept 2022]). In contrast, "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (Matter of Kelly v DiNapoli, 30 NY3d at 681 [internal quotation marks and citation omitted]; see Matter of Parry v New York State Comptroller, 187 AD3d 1303, 1304 [3d Dept 2020]). In determining whether an accident has occurred, "the focus of the determination must be on the precipitating cause of injury, rather than on the petitioner's job assignment" (Matter of Kelly v DiNapoli, 30 NY3d at 682 [internal quotation marks, brackets and citation omitted]; see Matter of Stancarone v DiNapoli, 161 AD3d 144, 147-149 [3d Dept 2018]).
As the Hearing Officer noted, there were inconsistencies in the accounts of the incident between petitioner's testimony, his applications for benefits and the reports submitted shortly after the incident. The evaluation of witness testimony and inconsistencies between such testimony and [*2]documentary evidence presented credibility issues for the Hearing Officer and Comptroller to resolve (see Matter of Grall v DiNapoli, 196 AD3d 962, 965 [3d Dept 2021]; Matter of Dilello v DiNapoli, 83 AD3d 1361, 1362-1363 [3d Dept 2011], lv denied 17 NY3d 717 [2011]). Petitioner testified that, prior to falling, he was responding to a radio call, which he stated was within the purview of his regular job duties. He stated that he ran down a stairwell and exited through a door; as he turned left in the hallway, his "feet flew out from under [him]" and he landed on his back. He further testified that, after the fall, he detected that the floor was slippery but not wet. In his applications for disability retirement benefits, petitioner described the floor as a "slippery lobby floor." However, neither the workers' compensation benefits form nor the employer's aided report of the incident described the floor as being slippery. In fact, the workers' compensation benefits form stated that petitioner tripped on his feet. The emergency room admission form reflected that petitioner slipped and fell on a wet floor. Lastly, a report written by a clinical neuropsychologist who assessed petitioner stated that "the lobby area was slick" and "was in climate [sic] weather."
The Hearing Officer found that petitioner was engaged in the performance of his ordinary employment duties when he fell and that the risk of falling while responding to a courthouse emergency is a risk inherent in his position as a court officer (see Matter of Valente v New York State Comptroller, 205 AD3d at 1296). Given the inconsistencies in the testimony and documentary evidence, the Hearing Officer rationally concluded that petitioner failed to prove that his fall was the result of anything other than a misstep. Inasmuch as a misstep does not constitute an accident within the meaning of Retirement and Social Security Law §§ 605-a (a) (1) and 605 (b) (3) (see Matter of Kelly v DiNapoli, 30 NY3d at 682; Matter of Starnella v Bratton, 92 NY2d 836, 839 [1998]; Matter of Stancarone v DiNapoli, 161 AD3d at 147-148), there is substantial evidence in the record to support the Comptroller's determination to deny petitioner's applications for accidental disability retirement benefits and disability retirement benefits (see Matter of Starnella v Bratton, 92 NY2d at 839; Matter of Stancarone v DiNapoli, 161 AD3d at 148; cf. Matter of Como v New York State Comptroller, 292 AD3d at 1428).[FN1] Petitioner's remaining contentions have been examined and found to be lacking in merit.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner conceded that he had fewer than 10 years of service credit and, as a result, was required to prove that his incapacity was the result of an accident in order to obtain ordinary disability retirement benefits (see Retirement and Social Security Law § 605 [b] [3]).