Matter of Margolies v DiNapoli (2022 NY Slip Op 06519)

Matter of Margolies v DiNapoli

2022 NY Slip Op 06519

Decided on November 17, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 17, 2022

533543
[*1]In the Matter of Douglas Margolies, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:October 14, 2022

Before:Garry, P.J., Egan Jr., Clark, Ceresia and Fisher, JJ. 

Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Ceresia, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a firefighter, filed an application for accidental disability retirement benefits claiming that he was permanently disabled as a result of an injury to his left eye that was sustained during a mandatory firefighter training exercise in October 2015. The New York State and Local Police and Fire Retirement System denied petitioner's application upon the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363 and he thereafter retired, receiving performance of duty retirement benefits. Following a hearing and redetermination, the Hearing Officer denied petitioner's application, finding that the underlying incident was not an accident as it occurred during the course of petitioner's routine employment duties and was a risk inherent in the performance thereof. Respondent upheld the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
"As the applicant, petitioner bore the burden of establishing that his disability arose from an accident within the meaning of the Retirement and Social Security Law, and respondent's determination in this regard will be upheld if supported by substantial evidence" (Matter of Bohack v DiNapoli, 197 AD3d 1384, 1384 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]). For purposes of the Retirement and Social Security Law, an accident is defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]; accord Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018]). Thus, "an injury that results from the performance of ordinary employment duties and is a risk inherent in such job duties is not considered accidental" (Matter of McGoey v. DiNapoli, 194 AD3d 1296, 1297 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; accord Matter of Bohack v DiNapoli, 197 AD3d at 1384).
Petitioner testified that, as part of his standard duties as a firefighter, he engaged in training exercises at the training center several times a year that included live-fire search and rescue operation drills. The drills involve entering a burning building where controlled fires were set, reducing visibility to zero, climbing stairs to a second floor and locating and removing a mannequin from the building. On the day in question, petitioner was engaged in such a drill, ascending a staircase on his hands and knees, followed by two other training firefighters, when his eye was injured by a firefighter from another fire company descending the stairs. According to the accident report [*2]prepared that day by the deputy chief to whom petitioner reported the incident, which petitioner signed, petitioner recounted that he was injured in a "collision with fellow firefighters" during the live-fire training exercises, a description he acknowledged providing during the hearing; petitioner confirmed that it was normal to bump into things during such zero-visibility exercises. Petitioner testified, in contrast, that he was injured when the descending firefighter, for unknown reasons, started "kicking [him] aggressively" in his face mask multiple times and, in response, petitioner pushed him away and exited the building. Although petitioner provided various explanations for describing the incident shortly after it occurred as the result of a collision rather than kicking, the Hearing Officer credited — as "more reliable, credible and plausible" — petitioner's more contemporaneous account of the incident reflected in the accident report, over his subsequent, inconsistent testimony, which was found to be "unsubstantiated," in concluding that the incident did not constitute an accident. The conflict in petitioner's accounts presented a credibility issue for the Hearing Officer and, ultimately, respondent to resolve (see Matter of Buckshaw v DiNapoli, 169 AD3d 1139, 1141 [3d Dept 2019], lv denied 33 NY3d 904 [2019]).
Under settled law, "an incident is not an accident within the meaning of the Retirement and Social Security Law where the underlying injuries result from an expected or foreseeable event arising during the performance of routine employment duties or occur during the course of a training program constituting an ordinary part of the employee's job duties and the normal risks arising therefrom" (Matter of O'Mahony v DiNapoli, 157 AD3d 1107, 1108 [3d Dept 2018] [internal quotation marks, ellipsis and citations omitted]; accord Matter of Bohack v DiNapoli, 197 AD3d at 1385). Given that "the record reflects that the training exercise program arose from, and was a required part of, petitioner's routine duties as a firefighter and given that the attendant risks of that training exercise were reasonably foreseeable, we find that substantial evidence supports the determination denying petitioner's application for accidental disability retirement benefits" (Matter of O'Mahony v DiNapoli, 157 AD3d at 1109; see Matter of Stancarone v DiNapoli, 161 AD3d 144, 148-149 [3d Dept 2018]).
Garry, P.J., Egan Jr., Clark and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.