Matter of Walsh v DiNapoli (2023 NY Slip Op 01718)

Matter of Walsh v DiNapoli

2023 NY Slip Op 01718

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

534995
[*1]In the Matter of Brian Walsh, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:February 15, 2023

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and McShan, JJ.

Baker, Leshko, Saline & Drapeau, LLP, White Plains (Anthony C. Saline of counsel), for petitioner.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondent.

Reynolds Fitzgerald, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a patrol officer, sustained various injuries when he fell while descending a staircase in his precinct. Petitioner's subsequent application for accidental disability retirement benefits was denied upon the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363.[FN1] Following a hearing and redetermination, the Hearing Officer upheld the denial and, upon further review, respondent affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.
"As the applicant, petitioner bore the burden of establishing that his disability arose from an accident within the meaning of the Retirement and Social Security Law, and respondent's determination in this regard will be upheld if supported by substantial evidence" (Matter of Margolies v DiNapoli, 210 AD3d 1245, 1245 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Voges v DiNapoli, 210 AD3d 1248, 1249 [3d Dept 2022]). "An injury-causing event is accidental when it is sudden, unexpected and not a risk of the work performed" (Matter of Voges v DiNapoli, 210 AD3d at 1249 [internal quotation marks and citations omitted]; accord Matter of Young v DiNapoli, 208 AD3d 1411, 1412 [3d Dept 2022]). In contrast, "an injury that results from the performance of ordinary employment duties and is a risk inherent in such job duties is not considered accidental" (Matter of Castellano v DiNapoli, 197 AD3d 1478, 1479 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008]). Notably, "a fall as a result of one's own misstep, without more, is not so out-of-the-ordinary or unexpected as to constitute an accidental injury" (Matter of Sestito v DiNapoli, 161 AD3d 1499, 1500 [3d Dept 2018] [internal quotation marks and citation omitted]; see Matter of Cavallo v DiNapoli, 167 AD3d 1303, 1304-1305 [3d Dept 2018]).
Preliminarily, there is no dispute that petitioner was engaged in the performance of his ordinary duties as a patrol officer at the time that he fell. Petitioner testified that he was in his assigned precinct when the incident occurred and that, after completing some administrative paperwork, he walked upstairs to retrieve something from his locker before going out on patrol. As he was descending the stairs, he "felt like [he] slipped on something," causing him to fall forward. During the course of his testimony, however, petitioner did not identify any defect in the stairs, which he used on a regular basis (see Matter of Batista v New York State Comptroller, 56 AD3d 927, 928 [3d Dept 2008], lv denied 12 NY3d 708 [2009]), nor was he able to identify the substance or occurrence [*2]that precipitated his fall (compare Matter of Como v New York State Comptroller, 202 AD3d 1427, 1428 [3d Dept 2022]). Although petitioner's application for disability benefits under General Municipal Law § 207-c similarly indicated that he simply "lost [his] foot[ing]" on the stairs, petitioner's application for accidental disability retirement benefits indicated that he fell after he "stepped on a[n] unseen substance." A contemporaneous incident report — prepared by petitioner's supervisor following an interview of petitioner — indicated that petitioner "suddenly and unexpectedly tripped" while descending the stairs in question, but petitioner testified that he never spoke with the author of that report and stated that he did not trip.
Credibility determinations, as well as the resolution of any inconsistencies between the hearing testimony and documentary evidence, are matters for the Hearing Officer and respondent to resolve (see Matter of Margolies v DiNapoli, 210 AD3d at 1246; Matter of Zekus v Gardner, 155 AD3d 1297, 1298 [3d Dept 2017]). Given the inconsistencies in petitioner's description of his fall, as well as his inability to identify a precipitating accidental event that was not a risk inherent in the work that he performed, "the Hearing Officer rationally concluded that petitioner failed to prove that his fall was the result of anything other than a misstep" (Matter of Young v DiNapoli, 208 AD3d at 1413). Inasmuch as a fall occasioned by a misstep does not constitute an accident, substantial evidence supports respondent's denial of petitioner's application for accidental disability retirement benefits (see id.; Matter of Sestito v DiNapoli, 161 AD3d at 1500-1501; Matter of Zekus v Gardner, 155 AD3d at 1298; Matter of Caetano v DiNapoli, 140 AD3d 1579, 1581-1582 [3d Dept 2016], lv denied 28 NY3d 906 [2016]). Accordingly, respondent's determination is confirmed.
Garry, P.J., Lynch, Clark and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner did, however, receive performance of duty disability retirement benefits when he subsequently retired.