Matter of Kubala v New York State & Local Retirement Sys. (2023 NY Slip Op 05015)

Matter of Kubala v New York State & Local Retirement Sys.

2023 NY Slip Op 05015

Decided on October 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 5, 2023

535215
[*1]In the Matter of Michelle Kubala, Petitioner,
v
New York State and Local Retirement System, Respondent.

Calendar Date:September 12, 2023

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

DiPasquale & Carney, LLP, Buffalo (Jason R. DiPasquale of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.

Ceresia, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer, applied for accidental disability retirement benefits claiming that she was permanently incapacitated from performing her job duties due to injuries sustained in three incidents that occurred on July 29, 2000, January 10, 2015 and September 27, 2016. Petitioner's application was denied on the basis that none of the incidents constituted an accident within the meaning of Retirement and Social Security Law § 363. A hearing was held, after which petitioner conceded in her posthearing brief that the 2016 incident did not constitute an accident. The Hearing Officer upheld the denials, finding that the 2000 and 2015 incidents did not constitute accidents. Upon further review, the Comptroller affirmed, and this CPLR article 78 proceeding ensued.
We confirm. As the applicant, petitioner bore the burden of establishing that her disability arose from an accident within the meaning of the Retirement and Social Security Law, and the Comptroller's determination in this regard will be upheld if supported by substantial evidence (see Matter of McDermott v Gardner, 215 AD3d 1206, 1207 [3d Dept 2023]; Matter of Harris v New York State & Local Retirement Sys., 191 AD3d 1085, 1085 [3d Dept 2021]; see also Retirement and Social Security Law § 363 [a] [1]). For purposes of the Retirement and Social Security Law, an accident is defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]; accord Matter of McDermott v Gardner, 215 AD3d at 1207). "[A]n injury that results from the performance of ordinary employment duties and is a risk inherent in such job duties is not considered accidental" (Matter of Walsh v DiNapoli, 214 AD3d 1282, 1283 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Kelly v DiNapoli, 30 NY3d 674, 684-686 [2018]). Thus, "precipitating events that arise out of a risk inherent in the petitioner's ordinary job duties, i.e., the work performed[,] . . . can never be considered accidents because, by definition, they are not unexpected and therefore cannot be the basis for an accidental disability pension" (Matter of Bodenmiller v DiNapoli, 215 AD3d 96, 98 [3d Dept 2023] [internal quotation marks and citation omitted]; see Matter of Compagnone v DiNapoli, 213 AD3d 7, 8-9 [3d Dept 2023]).
With regard to the 2000 incident,[FN1] petitioner testified that she injured her knee when she slipped and fell on stairs while responding to an alarm call at a residence, and that responding to such calls was part of her police duties. She testified that she did not know the cause of her fall, there was no defect in the stairs [*2]and she was unsure if she stepped down incorrectly, and only noticed that the stairs were damp after she fell. Her contemporaneous injury report did not mention that the stairs were wet or damp. "It is well settled that any apparent inconsistency between a petitioner's sworn testimony and written documents[, including contemporaneous reports,] presents a credibility issue for resolution by the finder of fact" (Matter of Hamilton v Hevesi, 28 AD3d 965, 966 [3d Dept 2006] [citations omitted]; see Matter of Mitchell v DiNapoli, 154 AD3d 1029, 1031 [3d Dept 2017]). Moreover, it is well recognized that, "[w]hen carrying out some police duties, an officer on foot may encounter, as part of the work being performed, a vast array of conditions, many of which are not easily traversed and can cause a fall. Encountering such conditions while actively engaged in police duties often is not an unexpected event, and the Comptroller may find a fall caused thereby to be an inherent risk of the job" (Matter of Compagnone v DiNapoli, 213 AD3d at 13 [internal quotation marks and citation omitted]).
The Hearing Officer, as affirmed by the Comptroller, noted the discrepancy between petitioner's testimony and injury report regarding the 2000 incident and credited the latter in finding that there was no sudden or unexpected precipitating event that caused her fall, which was an inherent risk of her job duties that did not constitute an accident. Substantial evidence supports the conclusion that the injuries sustained in this incident occurred in the ordinary course of petitioner's patrol duties and as a result of her misstep, and not due to a sudden, unexpected event and, thus, the determination denying her application for accidental disability retirement benefits based upon this incident will be upheld (see Matter of McDermott v Gardner, 215 AD3d at 1207; Matter of Compagnone v DiNapoli, 213 AD3dat 13; Matter of Piatti v DiNapoli,187 AD3d 1274, 1276-1277 [3d Dept 2020]; Matter of Mitchell v DiNapoli, 154 AD3d at 1031).
Turning to the 2015 incident, petitioner testified that she slipped and fell while on duty walking to her patrol vehicle parked in the precinct parking lot, something that she did regularly throughout the course of her shift. Although she testified that she did not notice snow, ice or slippery conditions prior to her fall and only felt ice on the ground after her fall, on her injury report prepared the same day, she stated that she slid on ice and snow. The Hearing Officer and Comptroller credited the account in petitioner's injury report in finding that her fall was not the result of an unexpected precipitating event outside of her ordinary job duties and did not constitute an accident. Substantial evidence supports the determination that petitioner's slip and fall was a risk inherent in her job duties, not unexpected and the result of a known condition and therefore did not constitute an accident (see Matter of Rizzo v DiNapoli, 39 NY3d 991, 992 [2022[*3]]; Matter of Kenny v DiNapoli, 11 NY3d at 875; Matter of Compagnone v DiNapoli, 213 AD3dat 12-13). Petitioner's remaining claims have been reviewed and found to lack merit.
Egan Jr., J.P., Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: During the hearing, petitioner's counsel conceded that the 2000 incident was not an accident and did not cause petitioner's permanent disabilities but thereafter retreated from that concession. In her posthearing brief, petitioner argued that the 2000 incident was an accident but the Hearing Officer made a finding that, in her posthearing brief, she had conceded that the 2000 incident was not an accident, an apparent mistake, but then proceeded to rule on the issue, finding that it was not an accident. Under the circumstances, given the confusion and the fact that petitioner raises this issue in her petition and brief to this Court, we address it on the merits.