Matter of Pileggi v DiNapoli (2023 NY Slip Op 05642)

Matter of Pileggi v DiNapoli

2023 NY Slip Op 05642

Decided on November 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 9, 2023

535949
[*1]In the Matter of Shelby Pileggi, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:September 7, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Schwab & Gasparini PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.

Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which, among other things, denied petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer employed by the Town of New Castle, Westchester County, filed applications for accidental and performance of duty disability retirement benefits alleging that she sustained multiple injuries, including to her back and neck, as a result of an incident in February 2013 during which she slipped and fell while exiting her patrol car. Petitioner's applications were denied and, following a hearing, a Hearing Officer upheld the denial of both applications finding, as here relevant, that the injuries were not sustained while petitioner was engaged in the duties of her employment. Respondent adopted the Hearing Officer's findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding challenging the determination to the extent that it denied her application for accidental disability retirement benefits.
"In order to be entitled to accidental disability retirement benefits, the burden is on the applicant to demonstrate that his or her incapacitation was the natural and proximate result of an accident sustained while in service" (Matter of Gilden v DiNapoli, 183 AD3d 1100, 1101 [3d Dept 2020] [internal quotation marks, ellipses, brackets and citations omitted]; see Retirement and Social Security Law §§ 363 [a] [1]; 605 [b] [3]; Matter of Arroyo v DiNapoli, 195 AD3d 1290, 1291 [3d Dept 2021]). "Resolution of the threshold issue of whether [a] petitioner was in service at the time that his [or her] injury occurred turns on whether he [or she] was performing job duties at the time of the injury" (Matter of Verille v Gardner, 177 AD3d 1068, 1069 [3d Dept 2019] [internal quotation marks, ellipsis and citations omitted]; see Matter of Gilden v DiNapoli, 183 AD3d at 1102). "[R]espondent is vested with exclusive authority to determine all applications for retirement benefits, including the question of whether an accidental injury was sustained while in service, and if supported by substantial evidence, the determination must be upheld" (Matter of Arroyo v DiNapoli, 195 AD3d at 1291 [internal quotation marks and citations omitted]).
Petitioner testified that, following roll call at the police station, she was assigned to vehicle patrol duties and left the station around 7:05 a.m. in her patrol vehicle. She stopped for coffee at a nearby store and, when she attempted to exit her vehicle, she slipped on ice and fell backward into the vehicle, sustaining multiple injuries that left her unable to return to work. She testified that officers routinely stop at that store for food or coffee, as they do not get a break for breakfast. Although petitioner testified that she was "always on duty" and would have left the store and responded if she received [*2]a radio call, she was nonetheless taking an unscheduled break and was "engaged in a personal activity rather than performing work duties at the time when the incident occurred" (Matter of Dreher v DiNapoli, 121 AD3d 1145, 1146 [3d Dept 2014] [internal quotation marks and citations omitted]; see Matter of Gonzalez v New York State & Local Employees' Retirement Sys., 79 AD3d 1562, 1563 [3d Dept 2010]; Matter of Mellor v Hevesi, 29 AD3d 1205, 1206 [3d Dept 2006]; compare Matter of Arroyo v DiNapoli, 195 AD3d at 1291-1292; Matter of Hoehn v New York State Comptroller, 122 AD3d 984, 985-986 [3d Dept 2014]). Thus, although petitioner testified that officers routinely stopped for coffee and food during their shifts, the record supports respondent's finding that she was not directed or asked to do so by her supervisor or as part of her job duties (compare Matter of Arroyo v DiNapoli, 195 AD3d at 1291-1292). As substantial evidence supports respondent's determination that petitioner was not injured while in service in that she was engaged in a personal activity, it will not be disturbed (see Matter of Dreher v DiNapoli, 121 AD3d at 1146; compare Matter of Arroyo v DiNapoli, 195 AD3d at 1291).[FN1] Petitioner's reliance on precedent under the Workers' Compensation Law is misplaced, as decisions decided thereunder are not binding on respondent (see Matter of Walsh v New York State & Local Empls. Retirement Sys., 176 AD3d 1430, 1432 [3d Dept 2019]; Matter of Zuckerberg v New York State Comptroller, 46 AD3d 1057, 1059 [3d Dept 2007], lv denied 10 NY3d 712 [2008]).
Garry, P.J., Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner, at oral argument, raised the legitimate question of whether a police officer taking solely a bathroom break would also be engaged in a personal activity and, thus, not entitled to accidental disability retirement benefits. This factual scenario, however, is not before us.