Matter of Buddenhagen v DiNapoli (2024 NY Slip Op 00836)

Matter of Buddenhagen v DiNapoli

2024 NY Slip Op 00836

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

CV-23-0233
[*1]In the Matter of Karen M. Buddenhagen, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:January 19, 2024

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and Powers, JJ.

Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for petitioner.
Letitia James, Attorney General, Buffalo (Sarah L. Rosenbluth of counsel), for respondent.

Powers, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
In May 2019, petitioner, a police officer, was assigned to a ceremonial detail when the flagpole that she was carrying struck the top of a doorjamb, resulting in various physical injuries. She thereafter applied for accidental disability retirement benefits. The application was initially denied on the basis that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Following a hearing, a Hearing Officer upheld the denial upon the same ground and, upon review, respondent affirmed. This CPLR article 78 proceeding ensued.
We affirm. "As the applicant, petitioner bore the burden of establishing that [her] disability was the result of an accident within the meaning of the Retirement and Social Security Law, and respondent's determination on that point will be upheld if supported by substantial evidence in the record as a whole" (Matter of McGoey v DiNapoli, 194 AD3d 1296, 1297 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; accord Matter of Sammon v DiNapoli, 216 AD3d 1335, 1336 [3d Dept 2023]). To this end, an accident is defined as a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]; see Matter of Como v New York State Comptroller, 202 AD3d 1427, 1428 [3d Dept 2022]). "Stated simply, to establish that injuries were due to an accident in this context, a petitioner must prove that the precipitating event was sudden, unexpected and not a risk of the work ordinarily performed" (Matter of Stancarone v DiNapoli, 161 AD3d 144, 147 [3d Dept 2018] [citation omitted]; accord Matter of McDermott v Gardner, 215 AD3d 1206, 1207 [3d Dept 2023]).
Petitioner testified that on the day of the incident she had been assigned to carry a large ceremonial flagpole during an indoor procession. While carrying the flagpole, she was required to navigate through a doorway. She testified that she observed that the doorway was considerably lower in height than the flagpole and that she knew that she would have to maneuver the flagpole in order to avoid hitting the doorjamb. As petitioner attempted her maneuver, in line with the processional march, the finial of the flagpole forcefully collided with the doorjamb, sending reverberations down her arms and body and resulting in her injuries. Petitioner's testimony regarding her, albeit unsuccessful, attempt to safely navigate the doorway thus demonstrates that she was aware of the hazard presented and that her movements were intended to avoid the very precipitating event that resulted in her injuries, i.e., that the flagpole she carried would strike the doorjamb (see generally [*2]Matter of Rizzo v DiNapoli, 39 NY3d 991, 992 [2022]). In view of the foregoing, despite other possible interpretations, substantial evidence supports respondent's determination that the precipitating event at issue here was not unexpected and, thus, did not constitute an accident within the meaning of the Retirement and Social Security Law (see Matter of Bodenmiller v DiNapoli, 215 AD3d 96, 101-102 [3d Dept 2023]; Matter of Rizzo v DiNapoli, 201 AD3d 1098, 1100 [3d Dept 2022], affd 39 NY3d 991 [2022]). Petitioner's remaining contentions as to the denial of her application have been rendered academic in light of our determination (see Matter of Lindh v DiNapoli, 199 AD3d 1223, 1224 [3d Dept 2021]; see generally Matter of Stancarone v DiNapoli, 161 AD3d at 147).
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.