Matter of Bornholz v DiNapoli (2024 NY Slip Op 01592)

Matter of Bornholz v DiNapoli

2024 NY Slip Op 01592

Decided on March 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 21, 2024

CV-23-0234
[*1]In the Matter of Douglas Bornholz, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:February 13, 2024

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Fisher and Powers, JJ.

Schwab & Gasparini, PLLC, Albany (James A. Resila of counsel), for petitioner.
Letitia James, Attorney General, Buffalo (Sarah L. Rosenbluth of counsel), for respondent.

Fisher, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer, filed an application for accidental disability retirement benefits alleging that he was permanently incapacitated from the performance of his duties as the result of an injury to his left shoulder that was sustained while responding to a medical emergency. The New York State and Local Police and Fire Retirement System denied the application upon the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363, and petitioner thereafter retired, receiving performance of duty disability retirement benefits. Following a hearing and redetermination, the Hearing Officer denied petitioner's application, finding that the incident occurred during the course of petitioner's routine employment duties and was a risk inherent in the performance thereof and, hence, did not constitute an accident. Respondent upheld the Hearing Officer's decision, and petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. "As the applicant, petitioner bore the burden of establishing that his disability arose from an accident within the meaning of the Retirement and Social Security Law, and respondent's determination in this regard will be upheld if supported by substantial evidence" (Matter of Margolies v DiNapoli, 210 AD3d 1245, 1245 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Walsh v DiNapoli, 214 AD3d 1282, 1282 [3d Dept 2023]; see Matter of Young v DiNapoli, 208 AD3d 1411, 1411 [3d Dept 2022]). "For purposes of the Retirement and Social Security Law, an accident is defined as a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kubala v New York State & Local Retirement Sys., 220 AD3d 993, 993 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of Margolies v DiNapoli, 210 AD3d at 1246). Therefore, "an injury that results from the performance of ordinary employment duties and is a risk inherent in such job duties is not considered accidental" (Matter of Margolies v DiNapoli, 210 AD3d at 1246 [internal quotation marks and citations omitted]; accord Matter of Walsh v DiNapoli, 214 AD3d at 1283; see Matter of Kubala v New York State & Local Retirement Sys., 220 AD3d at 994).
Petitioner testified that he responded to a medical emergency in an office setting and, upon arrival, was advised that the victim had been locked in a facility bathroom for approximately 15 minutes. As no key was available and the victim was nonresponsive, petitioner deemed it prudent to force open the bathroom door with his left shoulder. The door opened on the second try, whereupon, according to petitioner[*2], his momentum carried him across the water-soaked floor;[FN1] as the door hit the wall behind it, the door bounced back and struck petitioner's shoulder, causing the injury in question. Petitioner denied that his injury occurred from twice striking the door with his shoulder to force it open, testifying instead that such injury was solely attributable to the door bouncing back and hitting his shoulder after he slipped on the wet bathroom floor. That said, petitioner acknowledged that neither the first report of injury nor the C-3 filed in this matter made any mention of slipping on a wet floor. Although petitioner testified that incident reports should be "straight to the point" and noted that the C-3 form contained "only a small space" for describing the incident, it is noteworthy that the portion of the C-3 form requesting a description of the manner in which the incident occurred was left entirely blank.
"Credibility determinations, as well as the resolution of any inconsistencies between the hearing testimony and documentary evidence, are matters for the Hearing Officer and respondent to resolve" (Matter of Walsh v DiNapoli, 214 AD3d at 1283-1284 [citations omitted]; see Matter of Kubala v New York State & Local Retirement Sys., 220 AD3d at 994; Matter of Grall v DiNapoli, 196 AD3d 962, 965 [3d Dept 2021]; Matter of Piatti v DiNapoli, 187 AD3d 1274, 1276 [3d Dept 2020]). Given the inconsistencies between petitioner's hearing testimony, which the Hearing Officer did not credit, and the written documentation, as well as petitioner's concession that responding to a medical emergency was part of his regular job duties, the Hearing Officer and respondent appropriately concluded that, "at the time of his injury, petitioner was acting within the scope of his ordinary job duties as a police officer, . . . and that there was no sudden, unexpected event that was not an inherent risk thereof" (Matter of O'Brien v DiNapoli, 196 AD3d 960, 962 [3d Dept 2021], lv denied 37 NY3d 918 [2022]; see Matter of Tully v Gardener, 222 AD3d 1163, 1165 [3d Dept 2023]; Matter of Kubala v New York State & Local Retirement Sys., 220 AD3d at 994; Matter of Young v DiNapoli, 208 AD3d at 1412). As substantial evidence supports respondent's determination that petitioner did not meet his burden of establishing that his injuries resulted from an accident, it will not be disturbed. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking merit or rendered academic.
Garry, P.J., Aarons, Reynolds Fitzgerald and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner testified that the water was running in the bathroom sink when he forced open the door and surmised that the sink had overflowed, causing the bathroom to flood. Although petitioner testified that he could hear the victim's "faint breathing" through the locked wooden door, he denied being able to hear the running water prior to entry.