Matter of Croly v New York State Comptroller (2025 NY Slip Op 01850)

Matter of Croly v New York State Comptroller

2025 NY Slip Op 01850

Decided on March 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 27, 2025

CV-24-0014
[*1]In the Matter of Craig Croly, Petitioner,
v
New York State Comptroller et al., Respondents.

Calendar Date:February 20, 2025

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ.

Miller & Caggiano, LLP, Bohemia (Vanessa Cruz of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondents.

Reynolds Fitzgerald, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer, applied for accidental disability retirement benefits, alleging that he was permanently incapacitated as the result of injuries to his left hip and back that he sustained when he fell while inspecting a backup generator at the department's facility where he worked. The New York State and Local Police and Fire Retirement System denied the application upon the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing, a Hearing Officer upheld the denial upon the same grounds, and, upon review, respondent Comptroller affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the Comptroller's determination.
We confirm. "As the applicant, petitioner bore the burden of establishing that his disability arose from an accident within the meaning of the Retirement and Social Security Law, and [the Comptroller's] determination in this regard will be upheld if supported by substantial evidence" (Matter of Margolies v DiNapoli, 210 AD3d 1245, 1245 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Bornholz v DiNapoli, 225 AD3d 1079, 1080 [3d Dept 2024]). "For purposes of accidental disability retirement benefits, an accident is defined as a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Hamblin v DiNapoli, 229 AD3d 922, 923 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Buddenhagen v DiNapoli, 224 AD3d 1061, 1062 [3d Dept 2024]). "An injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (Matter of Rizzo v DiNapoli, 39 NY3d 991, 992 [2022] [internal quotation marks and citations omitted]; see Matter of Flannelly v Gardner, 210 AD3d 1265, 1265-1266 [3d Dept 2022]).
Petitioner testified that he was responsible for the continued operation of the facility where he worked, including ensuring that the backup generator was operational at all times. According to petitioner, on the night in question he was informed that the generator's warning light was on and that he was required to investigate its cause, something he had done "dozens and dozens of times." The generator was located in a courtyard outside of petitioner's office and was set on a trailer bed that was three feet off the ground. Petitioner, using a headlamp as illumination, climbed up onto a 14-inch-wide walkway that ran the length of the trailer and positioned himself in front of the door that accessed the generator. According to petitioner's [*2]initial testimony, he was standing still in front of the door when his feet suddenly slipped and he fell off the trailer bed. Petitioner later testified that he was moving to his right and was reaching for the door to the generator when he slipped and fell. Petitioner further testified that, after he fell, he ran his hand over the spot where he had slipped and felt a slippery odorless and colorless substance. Petitioner could not identify the substance but believed it was silicon spray that could have been used during a repair to the generator, but admitted that the generator had not been repaired recently.[FN1] According deference to the Comptroller's credibility determinations (see Matter of Yurko v DiNapoli, 122 AD3d 1047, 1048 [3d Dept 2014]) and given the inconsistencies in petitioner's testimony as to what he was doing at the time he fell and regarding the nature of the substance he claims caused his fall, substantial evidence supports the Comptroller's determination that petitioner's injuries occurred in the ordinary course of his employment duties and that he failed to establish that his injury was the result of an accident, rather than his own misstep (see Matter of Kubala v New York State & Local Retirement Sys., 220 AD3d 993, 995 [3d Dept 2023]; Matter of Gilden v DiNapoli, 183 AD3d 1100, 1102-1103 [3d Dept 2020]).
Garry, P.J., Lynch, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner testified that he was not responsible for making repairs to the generator, only to identify the problem and have the power company make the repairs. Petitioner further testified, however, that he would have known if there had been any recent repairs made to the generator.